**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4506**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

REYES ORIHUELA-MARIANO, a/k/a Juan Carlos Aguilar-Mariano,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., Senior District Judge. (7:10-cr-00903-HMH-1)

———————

Submitted: September 21, 2011    Decided: September 30, 2011

———————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reyes Orihuela-Mariano appeals his thirty-seven month sentence for unlawful reentry of an alien after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b) (2006), contending that the district court committed procedural error by failing to adequately explain the sentence it imposed. We affirm.

Because Orihuela-Mariano raises this argument for the first time on appeal, "the rigorous plain-error standard" applies to his unpreserved claim of procedural sentencing error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010). To establish plain error, Orihuela-Mariano must show that "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342–43 (4th Cir. 2009). "If all three of these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Carr, 303 F.3d 539, 543 (4th Cir. 2002) (internal quotation marks, citations, and alterations omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404

2

F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted).

To avoid procedural error, a sentencing court must first correctly calculate the applicable Guidelines range. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010). It must then give the parties "the opportunity to argue for whatever sentence they deem appropriate" and consider those arguments in light of all of the factors stated in 18 U.S.C. § 3553(a) (2006). Id. After choosing a sentence based on an "individualized assessment" of the defendant's offense, the court must then "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 50, 51 (2007)).

When explaining the sentence it imposes, a district court must justify its chosen sentence with an individualized rationale and explain why it has rejected any nonfrivolous arguments raised by parties seeking a different outcome. Id. at 329. Nevertheless, where, as here, the district court imposed a within-Guidelines sentence, the explanation of its sentence may be "less extensive, while still individualized," given that "[G]uidelines sentences themselves are in many ways tailored to the individual." United States v. Johnson, 587 F.3d 625, 639

3

(4th Cir. 2009), cert. denied, 130 S. Ct. 2128 (2010). As a general rule, therefore, "an adequate explanation for a Guidelines sentence is provided when the district court indicates that it is 'rest[ing] [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.'" Hernandez, 603 F.3d at 271 (quoting Rita v. United States, 551 U.S. 338, 357 (2007)).

Our review of the record convinces us that Hernandez controls the result here, notwithstanding Orihuela-Mariano's claims to the contrary. See Hernandez, 603 F.3d at 272. Orihuela-Mariano raised no objections to the presentence report later adopted by the district court, requested that the court impose a sentence at the bottom of the "[in]disputedly correct" Guidelines range, and was given the opportunity to argue and allocute. The court stated that it considered the § 3553(a) factors, concluded that "the purposes of [§] 3553(a) will be accomplished with a guideline sentence," and imposed the sentence that Orihuela-Mariano had requested. We find this explanation to be elaborate enough "to allow [this court] to effectively review the reasonableness of the sentence." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006)

4

(internal quotation marks omitted). The district court's judgment must therefore be affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED